■ In the Matter of RAYMOND C., JR., a Child Alleged to be Abused. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant; JANICE B. et al., Respondents.—Order, Family Court, Bronx County (Marjory Fields, J.), entered November 17, 1988, which, at the close of petitioner's case, dismissed the petition alleging abuse on the grounds that no evidence of abuse or neglect had been shown, unanimously reversed, on the law and the facts, without costs and without disbursements, the petition reinstated and the case remanded for a continued hearing on the issue of neglect. Pending the continued hearing, the child is ordered returned to the parents immediately.

This is an abuse proceeding brought pursuant to article 10 of the Family Court Act. The petition alleged that on May 17, 1988 the child, who was born on February 28, 1988 and was thus 2½ months old, was brought to the hospital with a fractured leg (femur). The petition alleged further that, according to a physician, some degree of force had to be used to inflict the injury on the infant, that no adequate explanation had been given as to how the injury occurred and that therefore the child was deemed to be abused.

A hearing on the petition was held on September 23, 1988 and November 17, 1988. A doctor produced by the Department of Social Services testified: "that it wasn't the type of injury that I usually would expect to see in a child abuse case, but that this was probably a direct blow to the area, and it was a straight across or transverse fracture, as opposed to the type of fracture that I would ordinarily see in a child abuse case."

The doctor further testified that the injury could have occurred anytime from just before the child was brought to the hospital up to a week or 10 days before. A social worker testified that she had questioned both parents and neither knew how the injury occurred. A baby-sitter testified that the child had been brought to her crying on June 17, 1988 (the record says June but should read May 17, 1988) and that the child cried all day. When the mother picked the child up, the mother rubbed the area of the left leg. The child was taken from the baby-sitter's to the hospital where the fracture was diagnosed.

The definition of abused child contained in section 1012 (e) of the Family Court Act includes:

"a child less than eighteen years of age whose parent or other person legally responsible for his care;

"(i) inflicts or allows to be inflicted upon such child physical injury by other than accidental means which causes * * * impairment of physical or emotional health or protracted loss or impairment of the function of any bodily organ, or

"(ii) creates or allows to be created a substantial risk of physical injury to such child by other than accidental means which would be likely to cause * * * protracted loss or impairment of the function of any bodily organ".

We agree with the Family Court that no abuse was proven by the petitioner's evidence. The Family Court should not have concluded, however, that no prima facie case of negligence had been made out. Section 1012 (f) of the Family Court Act defines a neglected child in part as:

"a child less than eighteen years of age

"(i) whose physical * * * condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care * * *

"(B) in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, including the infliction of excessive corporal punishment".

The facts presented show that a 2½-month-old infant suffered a broken leg. Pursuant to section 1046 (a) (ii) of the Family Court Act, "(ii) proof of injuries sustained by a child or of the condition of a child of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the

care of such child shall be prima facie evidence of child abuse or neglect, as the case may be, of the parent or other person legally responsible".

In remanding for a continued hearing, however, we have concluded that the evidence adduced in support of the abuse petition does not warrant keeping the child away from his parents. The child has been with an aunt for approximately one year. From the argument it appears that the parents visit the child daily. Although the court has a responsibility to reach a conclusion on neglect, even if the neglect was temporary, based on all the evidence, while that proceeding goes forward, there appears to be no danger in the child being with his parents. Concur—Kupferman, J. P., Carro, Asch, Ellerin and Smith, JJ.